IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SHEALONDRA BIBLE,** | § | **CIVIL ACTION NO.: 4:21-cv-00804** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | **JURY DEMANDED** |
| **DIRECT ENERGY, NRG LLC** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF SHEALONDRA BIBLE'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Shealondra Bible (hereinafter referred to as "Plaintiff") in the above-referenced matter, complaining of and about Defendant Direct Energy (hereinafter referred to as "Direct Energy" or "Defendant"), and files this Original Complaint, showing the following to the Court:

### I. PARTIES

1. Plaintiff Shealondra Bible is an individual residing in Fort Bend County, Texas. Plaintiff was employed by Defendant, who conducts business in Harris County, Texas. Plaintiff is a citizen of the State of Texas and of the United States.

2. Defendant Direct Energy is a for-profit corporation incorporated in the State of Texas and headquartered in the State of Texas. Direct Energy regularly conducts business in Harris County, Texas. Direct Energy may be served by serving its registered agent, Corporate Creations Network, Inc., 5444 Westheimer #1000, Houston, TX 77056 via certified mail and any other electronic means available.

3. NRG, LLC is a domestic limited liability company incorporated in the State of Texas and headquartered in the State of Texas. NRG, LLC regularly conducts business in Harris County, Texas. NRG, LLC may be served by serving its registered agent, CURDEV S PS PUREWAL, 10602 Staghill, Houston, TX 77064 via certified mail and any other electronic means available.

## II.      JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under the following federal statutes: (a) Title VII of the Civil Rights Act of 1964 (as amended) (which is codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII"); (b) the Age Discrimination in Employment Act of 1967, 29 U.S.C § 621 et seq. (as amended by the Civil Rights Act of 1991) (which is codified in 29 U.S.C. § 621 et seq.) (hereinafter referred to as the "ADEA"); and (c) 42 U.S.C. § 1981 (hereinafter referred to as "§ 1981").

5. Additionally, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's similar state claims that arise under the Texas Commission on Human Rights Act (which is codified in Chapter 21 of the Texas Labor Code, including Texas Labor Code § 21.001 et seq.) (hereinafter referred to as the "TCHRA") because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

6. Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(a), because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

### III. NATURE OF THE ACTION

7. This is an action brought pursuant to Title VII and the TCHRA on the grounds that Plaintiff was discriminated and retaliated against because of Plaintiff's race (i.e., African-American). The action is to correct and recover for Defendant's unlawful employment practices on the basis of Plaintiff's race, including the discrimination and retaliation based on Plaintiff's protected activities that involved her race and complaints about the racial discrimination and retaliation.

8. Further, this is an action under the ADEA and the TCHRA to correct and recover for unlawful employment practices on the basis of Plaintiff's age (i.e., fifty (50) years old), which includes Plaintiff being discriminated and retaliated against because of her age. See 29 U.S.C § 621 et seq. and Texas Labor Code § 21.001 et seq..

9. Additionally, Plaintiff files this action pursuant to 42 U.S.C. § 1981 to correct and recover for Defendants' unlawful employment practices on the basis of Plaintiff's race.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. On January 29, 2020, Plaintiff filed a Charge of Discrimination (Charge No. 460-2020-02275) with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") against Defendant for race discrimination, age discrimination, and retaliation. (See <u>Exhibit 1</u>, which is attached hereto and incorporated by reference).

11. Subsequently, the EEOC issued Plaintiff a Notice of Right Sue, dated December 11, 2020. (See <u>Exhibit 2</u>, which is attached hereto and incorporated by reference). Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notice. Therefore, this lawsuit is timely filed.

## V.    FACTS

12.     Plaintiff is a fifty (50) year old African-American woman. Plaintiff was hired by Direct Energy on October of 2015 as a senior human resource partner and human resource manager. Plaintiff had a very good record as a human resource partner and human resource managing employee of Direct energy, including never having received any disciplinary action. It was not until after Plaintiff complained to Direct Energy about unfair and discriminatory practices that she began to receive disciplinary actions and unfavorable consideration.

13.     Despite Plaintiff's good work performance for Direct Energy, Plaintiff was repeatedly been passed over for promotions, (that she was unquestionably entitled too) such as, the VP HR Position where Executive Vice President Melinda Reeves made the ultimate decision. Ms. Reeves, who is Caucasian, tends to favor Caucasians and or non-African-American employees over African-Americans, especially in terms of hiring and giving promotions.  Ms. Reeves routinely treats Plaintiff worse than other similarly-situated non-African-American colleagues because of her race and her age.

14.     On August of 2017, Plaintiff applied for a VP HR position after having several years of strong performance at the company and being more than qualified for the position.

15.     Plaintiff was never interviewed for the role, despite being more than qualified. Instead, Plaintiff was notified by email from Senior HR Specialist Dan Kochman on August 13, 2017 that Plaintiff was no longer being considered for the position. At the time, Plaintiff was not concerned as other in-house HR Professionals by the name of Kristen and Martine had applied and Plaintiff considered that Ms. Reeves may be making her decision based on seniority and Plaintiff would be considered for one of the other HR Professionals' positions when either received a promotion.

16. On August 15, 2017, Plaintiff became concerned regarding the reasoning on why she was not chosen for the position when Plaintiff had a meeting with Ms. Reeves. In the meeting, Ms. Reeves told Plaintiff that she decided on the VP HR role based upon wanting to select someone who could be her successor and that she did not know Plaintiff well enough and needed, "someone she could trust." From the tone and the context of the conversation, Plaintiff knew that Ms. Reeves wanted someone she was comfortable with who was more like her and that Plaintiff's race was an issue.

17. The position was given to Jeff Fralix who is Caucasian. Mr. Fralix is less experienced and less qualified than Plaintiff.

18. A few weeks after the meeting, Plaintiff filed a protected complaint regarding her non-selection for VP. The result of the complaint, after alleged investigation, was that it was found to be without merit. Rather than ending the issue there and putting in place mechanisms to ensure a lack of retaliation and to mend any potential "misunderstandings," Direct Energy decided it would be easier to offer Plaintiff an exit from the company through severance so that Ms. Reeves would not have to deal with Plaintiff further, stating the environment may be "awkward" given the protected complaint.

19. Plaintiff did not feel that the offer was fair in its terms and did not see the need to quit, since Plaintiff had not done anything wrong, so the offer was withdrawn. Plaintiff was instructed to use her time at Direct Energy to look for other employment.

20. Within months after the complaint issued died down, former employees Kristen and Martine left Direct Energy for better opportunities. As both left, Plaintiff hoped she would be considered for advancement into either of Kristen or Martine's Level 5 roles. Instead, Ms. Reeves and the company made the decision to reorganize Kristen's position to New Jersey and breaking

up Martine's position into two lower level jobs. Plaintiff believes that these changes were made in some capacity to prevent the company from having an open higher-level role that Plaintiff could apply for. This would be in hopes of discouraging Plaintiff in the job and drive Plaintiff to seek employment elsewhere.

21.     In between the reorganization in early 2018 and August 2019, there were other higher-level roles discussed that would be created, but none of them ever came into fruition. Mr. Fralix became Plaintiff's direct supervisor on January 2018 and Ms. Reeves left the company in late Spring of 2019. During the summer of 2019, there was an ongoing reorganization at Direct Energy and Plaintiff discovered that she was 1 of the 4 positions in Houston within the department that would be eliminated. All HR Partner roles were being eliminated across the US.

22.     On August 2019, a new level 5 role in HR was posted in Houston, along with two new level 6 HR consultancy Roles. Plaintiff applied for all three positions at the time to stay with Direct Energy. Two other employees that also had eliminated HR Partner positions, all of whom were African American Women, applied for the level 6 roles. Plaintiff also applied for the level 5 position, as Plaintiff was more senior and more qualified than anyone else that applied. Further, everyone in the department was told that persons who were affected by the reorganization would be given preference in the selection process.

23.     On September 4, 2019, Angie Moore, who is Caucasian, is selected for the level 5 position by Jeff Fralix and Amanda Harrison, who are also both Caucasians. Ms. Moore did have some decent experience, but her position was not one being affected by the reorganization, so she certainly should have been further down on the list than Plaintiff. Plaintiff was informed that the decision was made because they were more comfortable with Ms. Moore and had more familiarity with the client, but Plaintiff had always exceeded expectations in her performance and worked

with the client, so that should not have had an impact. Mr. Fralix claimed that Plaintiff was not given real consideration because Plaintiff had not, "written a plan for the position on paper as others did." Plaintiff knew that this was a disingenuous excuse.

24. On September 5, 2019, Plaintiff was interviewed by Ms. Moore and informed Plaintiff that Britany Smith and Chenee Franklin would be getting the level 6 roles. In complete shock, Plaintiff inquired why the decisions was made. Ms. Moore nervously made statements that Plaintiff failed to make direct eye contact and then directed Plaintiff to speak with Mr. Fralix is she had further questions. The decisions made no sense given that the other two women had only been with Direct Energy for a short period of time.

25. Plaintiff realized the decision was made in retaliation for Plaintiff's continues issues with not being selected and having made protected complaints in the past, which Mr. Fraliz, Ms. Harrison and Ms. Moore were all aware of. The reorganization and the layoff were an easy way for the company to get rid of Plaintiff.

26. Plaintiff was offered a severance package, but it in no way reflected fair value for what Plaintiff had been through.

## VI. CAUSES OF ACTION

### COUNT 1 - TITLE VII RACE DISCRIMINATION

30. Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

31. Defendant intentionally engaged in unlawful employment practices against Plaintiff because of her race (i.e., African-American), including discrimination and retaliation.

32. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or, limited, segregated, or classified Plaintiff in a

manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status because of Plaintiff's race (i.e., African-American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).  As a result of Defendant's discrimination, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

### COUNT 2 - TCHRA RACE DISCRIMINATION

33. Plaintiff hereby incorporates by reference all the allegations contained in the above-identified paragraphs as though fully set forth herein.

34. Defendant intentionally engaged in unlawful employment practices against Plaintiff because of her race (i.e., African-American).

35. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or, limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's race (i.e., African-American), in violation of Texas Labor Code § 21.051 et seq..  As a result of Defendant's discrimination, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

### COUNT 3 - ADEA AGE DISCRIMINATION

36. Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

37. Defendant intentionally engaged in unlawful employment practices against Plaintiff because of her age (i.e., fifty (50) years old).

38. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or, limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely

affect her status because of Plaintiff's age (i.e., fifty (50) years old), in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.. As a result of Defendant's discrimination, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## COUNT 4 - TCHRA AGE DISCRIMINATION

39. Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

40. Defendant intentionally engaged in unlawful employment practices against Plaintiff because of her age (i.e., fifty (50) years old).

41. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or, limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's age (i.e., fifty (50) years old), in violation of the Texas Labor Code § 21.051 et seq.. As a result of Defendant's discrimination, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## COUNT 5 - TITLE VII RETALIATION

42. Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

43. Defendant intentionally retaliated against Plaintiff because of the complaints of race discrimination that Plaintiff made to Defendant, which was in violation of Title VII. As a result of Defendant's retaliation, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## COUNT 6 - TCHRA RETALIATION

44. Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

45. Defendant intentionally retaliated against Plaintiff because of the complaints of race (i.e., African-American) and age (i.e., fifty (50) years old) discrimination that Plaintiff made to Defendant, which was in violation of the Texas Labor Code § 21.055. As a result of Defendant's retaliation, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## COUNT 7 – SECTION 1981 RACIAL DISCRIMINATION

46. Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

47. Pursuant to 42 U.S.C. § 1981, Plaintiff pleads a cause of action against Defendant for racial discrimination.

48. Plaintiff was subjected to racially derogatory treatment and treated differently than other non-African-American employees in terms of corporate policy application and discipline. Individuals that engaged in similar or identical behaviors as Plaintiff were not disciplined and were outside of Plaintiff's protected class. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee. As a result of Defendant's discrimination, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## COUNT 8 - SECTION 1981 RETALIATION

49. Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

50. Pursuant to 42 U.S.C. § 1981, Plaintiff pleads a cause of action against Defendant for retaliation. Defendant intentionally retaliated against Plaintiff because Plaintiff complained to Defendant about the race discrimination that Plaintiff experienced while being employed by Defendant.

51. After Plaintiff's protected complaints of the racially discriminatory actions by Defendant, Plaintiff was subjected to increased retaliation, which was in violation of 42 U.S.C. § 1981. As a result of Defendant's retaliation, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## VII.   JURY DEMAND

52. Plaintiff demands a jury on all issues to be tried in this matter. As such, Plaintiff submits a jury demand and herein submits the jury fee.

## VIII.   PRAYER

53. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear, and answer herein, and that on final trial, Plaintiff has a judgment against Defendant for the following:

   a. All damages that Plaintiff may be entitled to pursuant to this Original Complaint, or any amendments thereto, including (but not limited to) back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

   b. Compensatory damages, including (but not limited to) emotional distress;

   c. Past, present, and future physical pain and mental suffering;

   d. Punitive damages;

   e. Liquidated damages;

  f.  Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

  g.  Pre-judgment interest (at the highest rate permitted by law);

  h.  Post-judgment interest from the judgment until paid (at the highest rate permitted by law);

  i.  Costs of Court; and

  j.  Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

      Respectfully Submitted,



      /s/ Alfonso Kennard
      Alfonso Kennard Jr.
      Texas Bar No.: 24036888
      Southern District No.: 713316
      alfonso.kennard@kennardlaw.com
      Eddie Hodges Jr,
      Texas Bar No.: 24116523
      Southern District No.: 3479748
      eddie.hodges@kennardlaw.com
      2603 Augusta Drive, Suite 1450
      Houston Texas 77057
      (713) 742 -0900 (main)
      (713) 742 -0951 (facsimile)
      **ATTORNEYS FOR PLAINTIFF**