# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SHEALONDRA BIBLE,** | § | **CIVIL ACTION NO. 4:21-cv-00804** |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **JURY DEMANDED** |
| | § | |
| **DIRECT ENERGY, NRG, LLC** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Marlene C. Williams
State Bar No: 24001872
Federal Bar No. 22824
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
(713) 655-5750
(713) 655-0020 (Fax)
marlene.williams@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT**
**DIRECT ENERGY, GP, LLC**

i

## **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................... 1

II.   NATURE AND STAGE OF PROCEEDINGS ........................................... 1

III.  STATEMENT OF FACTS ........................................................................... 2

   A.  Bible starts her employment with DE .................................................. 2

   B.  Bible applies for VP of HR Role in 2017 ............................................ 3

   C.  Bible applies for HR Director and HR Consultancy roles in 2019 .......... 6

     1.  Bible's application for the HR Director role ...................................... 6

     2.  Bible's application for the HR Consultancy roles .............................. 8

   D.  Bible's employment ends on September 9, 2019 .................................. 9

IV.   ISSUES PRESENTED ................................................................................ 9

V.    STANDARD OF REVIEW ...................................................................... 10

VI.   SUMMARY OF ARGUMENT ............................................................... 11

VII.  ARGUMENT & AUTHORITIES ........................................................... 12

   A.  Bible's discrimination claims based on the 2017 VP position are time barred under the TCHRA, Title VII and ADEA ............................ 12

   B.  Bible did not exhaust administrative remedies regarding her retaliation claim based on the lack of a raise in 2019 .................................. 12

   C.  Bible's discrimination and retaliation claims fail as a matter of law ...... 13

     1.  Bible cannot make a prima facie case of discrimination or retaliation ............... 14

     2.  DE had legitimate, nondiscriminatory/nonretaliatory reasons for its actions ...... 19

     3.  DE's reasons were not pretext for discrimination or retaliation ......................... 20

VIII. CONCLUSION .......................................................................................... 24

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                  **Page(s)**

*Ackel v. National Communications Inc.*,
    339 F.3d 376 (5th Cir. 2003) ............................................................... 15, 17

*Agoh v. Hyatt Corp.*,
    992 F.Supp.2d 722 (S.D. Tex. 2014) ........................................................... 15

*Amsel v. Texas Water Dev. Bd.*,
    464 Fed. App'x 395 (5th Cir. 2012) ............................................................ 18

*Anderson v. Liberty Lobby, Inc.*,
    477 US 242 (1986) .............................................................................. 10, 11

*Auguster v. Vermilion Parish Sch. Bd.*,
    249 F.3d 400 (5th Cir. 2001) ...................................................................... 20

*Bell v. Bank of America*,
    171 Fed. App'x. 442 (5th Cir. 2006) ............................................................ 18

*Black v. PanAmerican Labs., L.L.C.*,
    646 F.3d 254 (5th Cir. 2011) ................................................................ 13, 14

*Bryant v. Compass Group USA, Inc.*,
    413 F.3d 471 (5th Cir. 2015) ...................................................................... 21

*Burlington Northern & Santa Fe Railway v. White*,
    548 U.S. 53 (2006) ................................................................................... 19

*Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*,
    482 F.3d 408 (5th Cir. 2007) ...................................................................... 21

*Carter v. Target Corp.*,
    541 Fed. App'x 413 (5th Cir 2013) .............................................................. 12

*Celestine v. Petroleos de Venezuela SA*,
    266 F.3d 343 (5th Cir. 2001) ...................................................................... 21

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 106 S. Ct. 2548 (1986) ..................................................... 10, 11

*Chaney v. New Orleans Pub. Facility Mgmt., Inc.*,
    179 F.3d 164 (5th Cir. 1999) ................................................................. 18

*Chhim v. Univ. of Tex. at Austin*,
    836 F.3d 467 (5th Cir. 2016) ................................................................. 13

*Coleman v. Jason Pharm.*,
    540 Fed. App'x 302 (5th Cir. 2013) .................................................. 21, 23

*Davis v. Dallas Area Rapid Transit*,
    383 F.3d 309 (5th Cir. 2004) ................................................................. 13

*Deines v. Texas Dep't of Protective & Regulatory Servs.*,
    164 F.3d 277 (5th Cir. 1999) ................................................................. 21

*Earle v. Aramark Corp.*,
    247 Fed. App'x. 519 (5th Cir.2007) ....................................................... 17

*Forsyth v. Barr*,
    19 F.3d 1527 (5th Cir. 1994) ................................................................. 11

*Hernandez v. Yellow Transportation, Inc.*,
    670 F.3d 644 (5th Cir. 2001) ................................................................. 15

*Hypolite v. City of Houston*,
    493 Fed. App'x. 597 (5th Cir. 2012) ...................................................... 19

*Igwe v. Menil Foundation, Inc.*,
    2020 WL 7024374 (S.D. Tex., Nov. 30, 2020) ...................................... 11

*Jackson v. Cal–Western Packaging Corp.*,
    602 F.3d 374 (5th Cir. 2010) ........................................................... 13, 14

*Jenkins v. City of San Antonio Fire Dept.*,
    784 F.3d 263 (5th Cir. 2015) ................................................................. 15

*Johnson v. City of San Antonio Fire Dept.*,
    12 F.Supp.3d 925 (W.D. Tex. 2014)...................................................... 18

*Jones v. Gulf Coast Restaurant Grp., Inc.*,
    8 F.4th 363 (5th Cir. 2021) ................................................................... 20

*Jurach v. Safety Vision, LLC*,
    642 Fed. App'x 313 (5th Cir. 2016) ....................................................... 11

iv

*Lindsey v. Bio-Med. Applications of La., L.L.C.*,
    9 F.4d 317, 325 (5th Cir. 2021) ................................................................ 21

*Long v. Eastfield College*,
    88 F.3d 300 (5th Cir. 1996) ..................................................................... 15

*Manning v. Chevron Chem. Co., LLC*,
    332 F.3dd 874, 883 (5th Cir. 2003) ..................................................... 15, 18

*McClain v. Lufkin Indus., Inc.*,
    519 F.3d 264 (5th Cir. 2008) ................................................................... 13

*McMichael v. Transocean Offshore Deepwater Drilling, Inc.*,
    934 F.3d 447 (5th Cir. 2019) ........................................................ 13, 14, 22

*McMillan v. Rust College, Inc.*,
    710 F.2d 1112 (5th Cir.1983) ............................................................. 13, 14

*Mission Consol. Indep. School Dist. v. Garcia*,
    372 S.W.3d 629 (Tex. 2012) .................................................................... 13

*Moore v. Capital One, N.A.*,
    No. 3:14-CV-3282-D, 2017 WL 2558793 (N.D. Tex. June 13, 2017) ....................... 22

*Moss v. BMC Software*,
    610 F.3d 917 (5th Cir. 2010) ............................................................. 14, 23

*Nichols v. Loral Vought Sys. Corp.*,
    81 F.3d 38 (5th Cir. 1996) ................................................................. 19, 22

*Noel v. Shell Oil Co.*,
    261 F.Supp.3d 752 (S.D. Tex. 2017) ......................................................... 17

*Obasogie v. Harris Cty. Hosp. Dist.*,
    2013 WL 6916246 (S.D. Tex. Dec. 31, 2013) ................................................. 10

*Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*,
    245 F.3d 507 (5th Cir. 2001) ....................................................... 14, 20, 23

*Pierce v. Texas Dept. of Criminal Justice*,
    37 F.3d 1146 (5th Cir. 1994) ................................................................... 15

*Plumbar v. South Texas College of Law*,
    No. 4:16-cv-00129, 2017 WL 2844030 (S.D. Tex. Jul. 3, 2017) ................................ 15

*Raggs v. Mississippi Power & Light Co.*,
278 F.3d 463 (5th Cir. 2002) ....................................................... 18

*Reed v. Neopost USA, Inc.*,
701 F.3d 434 (5th Cir. 2012) ....................................................... 13

*Roberson v. Alltel Info. Servs.*,
373 F.3d 647 (5th Cir. 2004) ....................................................... 13

*Sherrod v. American Airlines, Inc.*,
132 F.3d 1112 (5th Cir. 1998) ............................................... 21, 23

*Vasquez v. Nueces Cty., Tex.*,
551 Fed. App'x 91 (5th Cir. 2013) ......................................... 15, 17

*Vaughn v. Woodforest Bank*,
665 F.3d 632 (5th Cir. 2011) ................................................. 20, 23

*Willis v. Roche Biomed. Labs.*,
61 F.3d 313 (5th Cir. 1995) ......................................................... 11

## Statutes

29 U.S.C § 621 et. seq. ("ADEA") .............................................. 11, 12, 21, 23

42 U.S.C. §1981 ("Section 1981") ................................................................. 1

42 U.S.C. § 2000e et seq. (Civil Rights Act of 1964 Title VII") ("Title VII") ........ 1, 10-12

Texas Commission on Human Rights ("TCHRA") .......................................... 1, 10, 11, 12

Defendant Direct Energy, GP, LLC ("DE" or "Direct Energy)" files this Motion for Summary Judgment and respectfully shows the Court as follows:

## I.  INTRODUCTION

Shealonda Bible ("Bible") is a former Human Resources Business Partner ("HRBP") at DE. Bible alleges that DE discriminated against her in 2017 when she was not interviewed or selected for a promotion and again in 2019 when she was not selected for several restructured positions that resulted from a reduction-in-force and reorganization.  Bible also alleges that DE retaliated against her in multiple ways in 2019 for a complaint she made in 2017 when she was not selected for promotion.  Bible asserts race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Texas Commission on Human Rights Act ("TCHRA"), and 42 U.S.C. §1981 ("Section 1981"), as well as age discrimination under the Age Discrimination in Employment Act ("ADEA") and the TCHRA.

## II.  NATURE AND STAGE OF PROCEEDINGS

Shealonda Bible ("Bible") filed this lawsuit on March 11, 2021.  *See* Complaint ("Compl."), Dkt. No. 1.  Bible named DE and NRG, LLC as Defendants, but subsequently dismissed NRG.  *See* Notice of Nonsuit of All Claims Against NRG, LLC, Dkt. No. 9.  On May 28, 2021, DE filed its Answer denying liability on all of Bible's claims.  *See* Answer, Dkt. No. 11.  Discovery closed on April 26, 2022 and docket call is set for December 20, 2022.

## III.  STATEMENT OF FACTS

### A.  Bible starts her employment with DE

Bible began her employment with DE as an HRBP on October 5, 2015.  *See* Deposition of Shealonda Bible, attached hereto as Exhibit A, at 40:22-24; 65:20-66:1. Bible is African American and was 44 years old at the start of her employment.  Bible Dep. at 93:11-22; Compl. At ¶7.

Melinda Reeves, Executive Vice President of HR, led the HR Department at the time.  Bible Dep. at 69:1-6; 81:3-82:3.  Bible reported to several supervisors during her employment, including HR Director Kristin Johnson from 2015 to 2017, Vice President of HR ("VP of HR") Zandra Koeppel in 2017, and VP of HR Jeffrey Fralix from 2018 until her employment ended in 2019.  Bible Dep. at 68:10-19; 139:3-5.

Bible received favorable performance reviews and compensation awards, including lump sum payments and incentive awards, from all her supervisors, but her base salary was never increased.  Bible Dep. at 143:11-147:5; Bible Dep. Ex. 3.  In 2019, Fralix gave Bible an "Exceeding Expectations" rating for her performance in 2018 – the highest rating she ever received at DE, which resulted in the highest lump sum and incentive award payments of her career at DE.  Bible Dep. at 146:20-147:5; 173:24-174:3; Bible Dep. Ex. 3.

Bible was trained on the Company's HR policies throughout her employment.  Bible Dep. at 72:15-80:22; Bible Dep. Exs. 5 to 10.  In fact, Bible was very familiar with those policies because they were integral to her job as an HRBP.  Bible Dep. at 72:15-80:22.  As Bible put it, she was "great at [her] job" and there was no aspect of DE's employment policies with which she was not familiar.  Bible Dep. at 72:13-74:3.

**B. Bible applies for VP of HR Role in 2017**

In 2017, DE posted a VP of HR position to internal candidates when Koeppel, Bible's supervisor at the time, left the Company.  Bible Dep. at 234:7-16.  Bible and a number of other employees applied for the role, including Fralix (who is White), Johnson (who is African American), Heather Cone (who is White), and Martine Savage.  Bible Dep. at 90:23-24; 90:6-7; 110:10-13, 17-18; see Declaration of Angie Moore ("Moore Decl"), attached hereto as Exhibit B, at ¶¶5, 8; Ex. B-1 to Moore Decl.  At the time of their applications, Bible and Cone were Level 6 employees, Johnson and Savage were Level 5, and Fralix was Level 4.  Bible Dep. at 63:10-18; Moore Decl at ¶5.  DE maintained an inverse job grade system, where a lower job grade number reflected a more senior position.  Bible Dep. at 63:22-24; Moore Decl. at ¶7.  Thus, for the VP position in 2017 Bible and Cone were the lowest-level applicants and Fralix was the highest-level.  Bible was 46 years old and Fralix was 44 years old when they applied for the VP role.  Bible Dep. at 93:11-25; Moore Decl. ¶6.

Reeves (who was 52 years old at the time) and other stakeholders were involved in interviewing and selecting candidates for the VP role.  Bible Dep. at 18:20-22; Moore Decl. at ¶¶6-8; Ex. B-1  Although Bible was not aware that Cone had also applied for the job, Reeves did not interview Cone or Bible because she believed the other candidates, who held more senior roles, would have an easier transition into the role.  Bible Dep. at 65:19-24; 89:19-20; 110:10-111:17; Moore Decl. at ¶8; Ex. B-1.

On August 13, 2017, Daniel Kochman, Senior Manager of Talent Acquisition/Executive Recruitment, notified Bible that she would not be interviewed for

the VP role "based on the [other] internal candidates in play."  Bible Dep. at 108:15-7;
Bible Dep. Ex. 2.  Bible subsequently met with Reeves on August 15, 2017 to discuss the
issue.  Bible Dep. at 97:21-23; 99:10-14.[1]  During the meeting, Reeves told Bible she did
not know Bible well and believed that Bible had intentionally missed prior meetings with
Reeves.  Bible Dep. at 100:3-5; 101:1-5.  Reeves confirmed that Bible would not be
interviewed or selected for the VP role and told Bible she needed someone "she could
trust."  Bible Dep. at 101:13-17.  Bible was offended and thought Reeves' comment was
"racist" even though (1) Reeves did not mention Bible's race, (2) Reeves was being truthful
because Bible and Reeves actually did not know each other very well, and (3) Bible missed
and had to reschedule meetings with Reeves from time to time.  Bible Dep. at 97:4-6;
102:22-12; 103:9-12; 103:17-104:15; 105:7-12; 105:22-106:12; 133:23.

Although she was immediately offended by Reeves' comment, Bible waited "two
to four weeks" to report the incident.[2]  Bible Dep. at 120:1-18.  Bible met with Johnathan
Phillips ("Phillips"), Head of Employee Relations, and informed him of her concerns about
Reeves.  Bible Dep. at 121:25-122:5. Phillips told Bible he was obligated to report the
incident and subsequently filed a complaint on Bible's behalf.  Bible Dep. at 122:6-7;
123:13-19.  DE launched an investigation, which did not substantiate Bible's complaint
because, among other things, Cone (a White Level 6 employee) was also denied an
interview for the VP position.  Bible Dep. at 123:13-124:1; Moore Decl. at ¶5; Ex. B-1.

---

[1] During her deposition, Bible initially testified that she thought the meeting with Reeves was an interview for the VP
role, but later clarified that she knew it was not an interview because Kochman informed her prior to the meeting that
she would not be getting the role.  Bible Dep. at 98:4-7; 107:9-110-9.

[2] The investigation report suggests that Bible's complaint came much later.  *See* Ex. B-1.

After her complaint against Reeves, Bible learned that Fralix was selected for the VP role.  Bible Dep. at 18:3-8.  Reeves selected Fralix based on his qualifications and experience, which included more than twenty-two years in the HR industry and successful performance in other Level 4 roles at DE.  Moore Decl. at ¶8; Ex. B-1.  Bible was not surprised and "assumed" that Reeves would select Fralix because Reeves and Fralix were "good friends" and had worked together at a prior employer.  Bible Dep. at 18:3-20:17; 117:23-25.  Bible believes Fralix has a Bachelor's degree and approximately the same amount of industry experience as she does, but does not know much more about his background or experience in HR.  Bible Dep. at 115:23-116:6; 229:8-230:9; 231:7-11. Nevertheless, Bible believes that Fralix was unqualified for the VP role because he "had a reputation of being unresponsive and . . . superficial."  Bible Dep. at 116:21; 117:9-19.

Following the investigation, Bible was notified that the investigation did not substantiate her discrimination complaint.  Bible Dep. at 24:11-21; 127:4-7.  Bible was "upset," "embarrassed," and wanted to leave DE, but no one told her she had to leave. Bible Dep. at 23:21-24:2; 130:6-12.[3]  Bible believes that Phillips and Watts were supportive of her desire to leave DE because they offered her a severance package and time to look for other employment, which she declined because the offer was insufficient.  Bible Dep. at 25:15-26:9.  Bible ultimately decided to stay, but was actively looking for other employment for the remainder of her tenure.  Bible Dep. at 132:7-15.  Bible did not have

---

[3] In her Charge and her Complaint, Bible claims that she "didn't see the need to quit" her job following the investigation, but the Company "decided it would be easier to just offer [her] an exit from the company through severance" and instructed her to use her down time to "look for other employment."  *See* Charge of Discrimination, attached hereto as Exhibit C; Complaint at ¶¶18-19.

any additional complaints against Reeves, who left the Company in 2018.  Bible Dep. at 69:7-9; 127:17-128:3.

Bible began reporting to Fralix in early 2018.  Bible Dep. at 133:23-134:2.  Bible does not have any evidence that Fralix knew about her 2017 complaint against Reeves at any time.  Bible Dep. at 174:15-175:2.

### C.  Bible applies for HR Director and HR Consultancy roles in 2019

In July 2019, DE's parent company announced a reduction-in-force and reorganization that resulted in the elimination of HRBP roles and layoffs for approximately 74 employees, including Bible.  Bible Dep. at 154:7-11; 208:9-23; Bible Dep. Ex. 4.  Bible was notified of her layoff and advised that she and other employees would have the opportunity to apply for new roles that were being created as part of the reorganization, including a new HR Director role and two new HR Consultancy roles in Houston.  Bible Dep. at 156:7-18; 158:2-7.  Bible applied for all three roles after evaluating and discussing them with Fralix.  Bible Dep. at 158:8-17.  Bible understood that the candidates' qualifications and performance during their interviews were all components of the selection process, and she had no issue having her interview performance evaluated.  Bible Dep. at 170:11-171:14.

#### 1.  Bible's application for the HR Director role

Multiple people applied for the Director role, including Bible (who was 48 at the time), Angie Moore (who is White and was 49 years old at the time), and Brittany Smith (who is African American and was 33 years old at the time).  Bible Dep. at 161:13-16; 89:15-16; 191:1-5; Moore Decl. at ¶6, 10.  Each candidate had two rounds of interviews

and was asked the same set of questions regarding their experience and thoughts about the role, which responsibilities included management of the new Consultancy team and oversight over all HR projects, including the performance review process, training programs and job analyses.  Moore Decl. at ¶10; Ex. B-2.  Bible interviewed with Fralix and Amanda Harrison.  Bible Dep. at 159:23-160:12.  Bible's interview went well and neither Fralix nor Harrison said anything to her during the interview that she found offensive or discriminatory.  Bible Dep. at 159:13-22.  Following the interviews, Moore was selected for the Director role based on her qualifications and interview performance, which included substantial HR experience, a strong project background, a history of strong partnerships and relationships with her client groups, and a readiness to lead, among other things.  Bible Dep. at 161:17-18; Moore Decl. at ¶10.  While Bible had good experience, some of her interview answers were vague and lacked the kind of engagement and detail that the Company was looking for in the Level 5 role.  Moore Decl. at ¶10; Ex. B-2.

Bible does not know who ultimately chose Moore for the role, but believes that Fralix discriminated against her based on her race and age and retaliated against her for her 2017 complaint in the selection of Moore.  Bible Dep. at 148:5-17; 161:22-163:7.[4]  Bible does not know Moore's age, but speculates that Moore is younger.  Bible Dep. at 89:17-18; 148:11-14; 161:19-162:7.  Bible also does not know Moore's professional background and experience, and initially claimed that Moore was "less qualified" for the position

---

[4] Bible testified that Harrison did not do anything to discriminate or retaliate against her at any time during her employment.  Bible Dep. at 160:23-161:6.

before conceding that Moore actually had "decent experience" and was qualified to the job. Bible Dep. at 90:22-91:5; 148:15-20; 149:5; 149:9-11; 149:20-150-13; 152:13-153:12.

### 2. Bible's application for the HR Consultancy roles

Multiple people applied for the Consultancy roles, including Bible, Smith and Chenee Franklin (who is African American and was 48 years old at the time). Bible Dep. at 89:10-11; 191:1-5; Moore Decl. at ¶6. Moore was the hiring manager who interviewed each candidate and asked them to respond to the same set of questions regarding their qualifications and their thoughts about the role, which required the ability to create and manage HR-related policies and procedures, the ability to manage a variety of HR projects related to strategy, organization design, and associate development, as well as teambuilding skills, among other things. Moore Decl. at ¶11; Ex. B-2. Bible interviewed with Moore, who did not say anything during the interview that Bible thought was discriminatory. Bible Dep. at 163:9-24; 168:5; Moore Decl. at ¶11. Following the interviews, Moore selected Smith and Franklin (who are both African American) based on their overall qualifications and respective interview performances, which demonstrated many years of HR experience and the project, teambuilding and leadership skills that were necessary for the roles. Bible Dep. at 168:10-16; Moore Decl. at ¶11. While Bible had good experience, her interview responses did not set her apart from the other candidates, which ultimately impacted Moore's assessment of her candidacy. Bible Dep. at 161:17-18; Moore Decl. at ¶11. After the interviews, Moore provided feedback to Bible, including her observation that Bible seemed disengaged and did not seem to make eye contact during the interview. Bible Dep. at 168:6-9; 17-19; Moore Decl. at ¶11. Bible thinks Moore was making excuses to justify

her selection of Smith and Franklin, even though she admits they were both qualified for the Consultancy roles. Bible Dep. at 168:10-169:4. Although Moore made the selection decisions, Bible believes Fralix also discriminated and retaliated against her in connection with the Consultancy roles. Bible Dep. at 147:13-20. Bible speculates that Smith and Franklin are both younger, but she does not know their actual ages or their professional backgrounds. Bible Dep. at 168:22-169:4.

### D. Bible's employment ends on September 9, 2019

Bible did not complain to anyone at the Company about the selection decisions for the Director and Consultancy roles, despite her substantial experience with the Company's HR policies and reporting procedures. Bible Dep. at 162:20-163:8. Following her unsuccessful applications for the three roles, DE offered Bible a severance package as part of the reduction-in-force. Bible Dep. at 209:2-7. Bible did not accept the severance package and her employment terminated on September 9, 2019. Bible Dep. at 209:8-9; Bible Dep. Ex. 4. Bible admits that no one at DE ever said anything derogatory about her race or age during her employment there. Bible Dep. at 106:13-23.

## IV. ISSUES PRESENTED

Bible was not entirely precise about her claims during her deposition, but she ultimately alleges that: (1) Reeves discriminated against her based on her race and age with respect to the VP position in 2017;[5] (2) Fralix discriminated against her based on her race and age with respect to the Director position in 2019, and Fralix and/or Moore

---

[5] Bible does not allege any retaliation in 2017 related to the process for the VP position. Bible Dep. at 180:17-183:16; 188:17-25.

discriminated against her based on her age with respect to the Consultancy positions in 2019; and (3) Fralix retaliated against her for her 2017 complaint against Reeves by (a) not selecting her for the Director and Consultancy roles in 2019 and (b) not giving her a raise in 2019 for her 2018 performance.

Based on these claims, the Court must decide if there is an issue of material fact as to whether: (1) Bible's Title VII, ADEA and TCHRA discrimination claims related to the 2017 VP position are time barred and whether she exhausted administrative remedies before the EEOC regarding her retaliation claim based on the raise issue; and (2) Bible can prove that DE discriminated against her based on her race or age and/or retaliated against her in 2019 for the complaint she made in 2017.

## V.  STANDARD OF REVIEW

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-movant, the record shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986); FED. R. CIV. P. 56(a).  "Importantly, 'the mere existence of *some* factual dispute will not defeat a motion for summary judgment; Rule 56 requires that the fact dispute be *genuine* and *material*.'"  *Obasogie v. Harris Cty. Hosp. Dist.,* 2013 WL 6916246, at *2 (S.D. Tex. Dec. 31, 2013) (quoting *Willis v. Roche Biomed. Labs.*, 61 F.3d 313, 315 (5th Cir. 1995)) (emphasis added).  Facts are material when their resolution "might affect the outcome of the suit under the governing law  . . ." *Anderson v. Liberty Lobby, Inc.,* 477 US 242, 248 (1986).  A dispute is genuine when "the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 US at 248.

To survive this Motion, Bible ultimately must produce specific evidence and describe exactly how the evidence supports her claims. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994); *Igwe v. Menil Foundation, Inc.,* 2020 WL 7024374, *3 (S.D. Tex., Nov. 30, 2020). Bible's unsubstantiated opinions and beliefs are not competent summary judgment evidence, nor are speculation, denials or conclusory allegations. *See Forsyth,* 19 F.3d at 1533; *Jurach v. Safety Vision, LLC,* 642 Fed. App'x 313, 317 (5th Cir. 2016). If Bible fails to show a genuine issue of material fact on an essential element of her claims, summary judgment is warranted. *Celotex*, 477 U.S. at 322.

## VI.   SUMMARY OF ARGUMENT

DE is entitled to summary judgment on all of Bible's claims for the following reasons, which are described more fully below: (1) Bible's claims based on the 2017 promotion decision are time barred under Title VII, the ADEA and the TCHRA because she filed them more than two years after the events in question, well beyond the 180-day and 300-day deadlines established by applicable law; (2) Bible did not exhaust her administrative remedies with respect to her retaliation claim that Fralix failed to give her a raise in 2019; (3) Bible cannot make a prima facie case of discrimination or retaliation because (a) DE did not treat individuals outside Bible's protected class more favorably and/or the individuals selected for the positions at issue were in the same protected classes (and the same or nearly the same age) as Bible, (b) there is no causal link between Bible's 2017 complaint and any of the events that occurred two years later in 2019, (c) Bible did

11

not experience a materially adverse employment action when she did not receive a raise in 2019; (d) Bible admits she has no evidence that Fralix, the sole alleged retaliator, was aware of her 2017 complaint; and (4) even if Bible could make a prima facie case, she has no evidence to rebut the legitimate nondiscriminatory/nonretaliatory reasons DE had for its decisions and she cannot establish pretext, including that discrimination/retaliation motivated or was the but for reason for DE's decisions.

## VII.   ARGUMENT & AUTHORITIES

### A.   Bible's discrimination claims based on the 2017 VP position are time barred under the TCHRA, Title VII and ADEA

Plaintiffs asserting discrimination claims must file a charge of discrimination within 180 days of the alleged discrimination, or within 300 days in "deferral states" like Texas. *See Carter v. Target Corp.*, 541 Fed. App'x 413, 419 (5th Cir 2013).  Bible filed her Charge regarding the 2017 VP position on January 28, 2020, more than two years after the 2017 event and well beyond the prescribed deadlines.  *See* Charge at p. 1.  Accordingly, Bible's Title VII, ADEA and TCHRA discrimination claims based on the 2017 VP position are untimely and barred as a matter of law.

### B.   Bible did not exhaust administrative remedies regarding her retaliation claim based on the lack of a raise in 2019

Bible's retaliation claim based on the lack of a raise from Fralix in 2019 also fails because Bible did not exhaust administrative remedies on that claim.  Courts may not consider retaliation claims that fall outside the scope of a plaintiff's EEOC charge.  *See McClain v. Lufkin Indus., Inc.,* 519 F.3d 264, 275 (5th Cir. 2008).  While charges are liberally construed, courts "will not consider claims that were not asserted before the EEOC

or that do not fall within 'the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.''" *Chhim v. Univ. of Tex. at Austin,* 836 F.3d 467, 472 (5th Cir. 2016) (citation omitted).

Bible's Charge alleged that Fralix retaliated against her by not selecting her for the Director and Consultancy roles in 2019, but she never alleged a retaliation claim based on Fralix's failure to give her a raise in 2019. *See* Charge, Ex. C. The raise issue is completely separate from the selection decisions and Bible's failure to raise that claim in her Charge before the EEOC bars her from pursuing it before this Court. *Chhim,* 836 F.3d at 472.

### C. Bible's discrimination and retaliation claims fail as a matter of law

In the absence of direct evidence of discrimination, Bible must establish her discrimination and retaliation claims by circumstantial evidence using the three-part "modified *McDonnell Douglas* approach."[6] *See Jackson v. Cal–Western Packaging Corp.,* 602 F.3d 374, 378 (5th Cir. 2010). Under this framework, Bible must first establish a prima facie case of discrimination/retaliation. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.,* 934 F.3d 447, 456 (5th Cir. 2019); *Moss v. BMC Software,* 610 F.3d 917, 922 (5th Cir. 2010). If Bible makes a prima facie case, the burden shifts to DE to articulate legitimate, nondiscriminatory/nonretaliatory reasons for its actions. *McMichael,* 934 F.3d at 456; *Moss,* 610 F.3d at 922. DE's burden in this second phase is one of production, not persuasion, and involves no "credibility assessment." *Black v. PanAmerican Labs., L.L.C.,*

---

[6] This summary judgment standard and analysis are the same for all of Bible's claims. *Reed v. Neopost USA, Inc.,* 701 F.3d 434, 439 (5th Cir. 2012)(quoting *Mission Consol. Indep. School Dist. v. Garcia,* 372 S.W.3d 629, 633 (Tex. 2012)); *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 316 (5th Cir. 2004); *Roberson v. Alltel Info. Servs.,* 373 F.3d 647, 651 (5th Cir. 2004); *McMillan v. Rust College, Inc.,* 710 F.2d 1112, 1116 (5th Cir.1983).

646 F.3d 254, 259 (5th Cir. 2011).    Once DE articulates legitimate, nondiscriminatory/nonretaliatory reasons, the burden shifts back to Bible to prove pretext. *Black*, 646 F.3d at 259.  To show pretext on her claims, Bible must put forth *substantial evidence* to rebut each of the reasons DE articulates and show that her protected status or protected activity motivated DE or was a "but for" cause for DE's actions.  *McMillan v. Rust College, Inc.*, 710 F.2d 1112, 1116 (5th Cir.1983); *McMichael*, 934 F.3d at 456. Throughout this entire process, Bible bears the ultimate burden of persuasion.  *Jackson,* 602 F.3d at 378.

### 1.  Bible cannot make a prima facie case of discrimination or retaliation

To establish a prima facie case of discrimination, Bible must prove: (1) she was within the protected class [race and age (40 years or older)]; (2) she applied and was qualified for the position at issue; (3) she was rejected for that position (or suffered some other adverse action), and (4) DE selected someone outside the protected class or someone younger for the position, or rejected her because of her age (or treated similarly situated individuals outside the protected class more favorably under nearly identical circumstances). *Jackson,* 602 F.3d at 378; *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.,* 245 F.3d 507, 512-13 (5th Cir. 2001); *Vasquez v. Nueces Cty., Tex.,* 551 Fed. App'x 91, 93-94 (5th Cir. 2013); *Plumbar v. South Texas College of Law*, No. 4:16-cv-00129, 2017 WL 2844030, at *4 (S.D. Tex. Jul. 3, 2017).

To establish a prima facie case of retaliation, Bible must establish: (1) she engaged in protected activity; (2) she experienced a materially adverse employment action; and (3) a causal link between the protected activity and the adverse action.  *Hernandez v. Yellow*

*Transportation, Inc.*, 670 F.3d 644, 657 (5th Cir. 2001); *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996); *Pierce v. Texas Dept. of Criminal Justice*, 37 F.3d 1146, 1151 (5th Cir. 1994); *Ackel v. National Communications Inc*., 339 F.3d 376, 385 (5th Cir. 2003); *Manning v. Chevron Chem. Co., LLC*, 332 F.3dd 874, 883 (5th Cir. 2003); *Jenkins v. City of San Antonio Fire Dept.*, 784 F.3d 263, 269 (5th Cir. 2015).

Bible's claims fail at the prima facie stage.  As a preliminary matter, Bible testified that no one at DE ever said anything derogatory about her race or age during her employment, and she only has her subjective belief that she experienced discrimination at DE.  Courts have routinely held that a plaintiff's subjective belief is insufficient proof of discrimination at the prima facie stage on a summary judgment motion.  *See Vasquez,* 551 Fed. App'x at 94; *see also Agoh v. Hyatt Corp*., 992 F.Supp.2d 722, 734 (S.D. Tex. 2014).

With respect to Bible's race discrimination claims, DE does not challenge that Bible can make a prima facie case of race discrimination as far as the 2019 Director position is concerned.  However, Bible cannot make a prima facie case of race discrimination with respect to the 2017 VP position or the 2019 Consultancy positions because there is no summary judgment evidence that DE treated similarly situated individuals outside her protected class more favorably or that DE selected individuals outside the protected classes.  Rather, the summary judgment evidence shows that Cone (who is White) was also denied an interview for the VP role in 2017.  Moreover, even though Fralix was selected for the VP role and is a different race, Fralix was not similarly situated to Bible under nearly identical circumstances because he was a Level 4 employee, two job grade levels senior to

Bible, when he was selected for the VP role.[7]   In addition, two African American employees (Smith and Franklin) were selected for the Consultancy positions in 2019.[8]

With respect to her age discrimination claims, Bible cannot make a prima facie case for any of the positions at issue.  Most importantly, Bible does not have any evidence that the positions at issue went to individuals who were outside the protected age class or younger.  Bible speculates that the individuals selected for the roles are younger, but she admits she does not know their actual ages.  Notably, Bible concedes that it would be "very difficult" for her to maintain her age discrimination claims if she discovered that the individuals selected for the positions are the same age.  Bible Dep. at 148:21-25.  In fact, the summary judgment evidence shows that Fralix, Moore and Franklin were not only in the same protected age class as Bible, but were actually the same or nearly the same age as Bible when they were all considered for the roles.  Regarding the VP position in 2017, Bible was 46 years old and Fralix was 44 years old at the time.  Courts have held that a two-year age difference is insufficient as a matter of law to support a prima facie case of discrimination when both parties are in the protected age class.  *See Earle v. Aramark Corp.*, 247 Fed. App'x. 519, 523 (5th Cir.2007).  Regarding the Director and Consultancy positions in 2019, Bible was 48 years old, Moore was 49 years old and Franklin was 48 years old at the time.  Thus, those positions not only went to individuals in the same

---

[7] DE acknowledges that Bible can make a prima facie case of race discrimination the dissimilarities between her and Fralix are not considered and the Court looks only at Fralix's selection for the role, rather than compare treatment of Bible and Fralix.

[8] Bible testified that she is not pursuing a race discrimination claim regarding the 2019 Consultancy positions, but DE includes it here out of an abundance of caution given that she was sometimes inconsistent about the bases for her claims and alleged in her interrogatories that the Consultancy roles went to two White employees. Bible Dep. at 190:8-191:5.

protected class, but to individuals who were the same age as Bible (in fact, slightly older than Bible based on their dates of birth). Bible clearly cannot make a prima facie case of discrimination when the individuals selected for the positions are not only in the same protected class as Bible but actually the same age, and she has no evidence that her age otherwise factored into any of DE's decisions. *See Vasquez,* 551 Fed. App'x at 94; *see Noel v. Shell Oil Co.,* 261 F.Supp.3d 752, 768-69 (S.D. Tex. 2017).

With respect to her retaliation claim, Bible asserts that Fralix is the only person who ever retaliated against her, and she complains about the lack of a raise and her non-selection for the Director and Consultancy roles in 2019 as the only retaliatory acts she experienced. Bible Dep. at 173:3-20; 181:16-25. However, Bible admits that she has no evidence that Fralix even knew about her 2017 complaint against Reeves, and there is no summary judgment evidence that Fralix was aware of the complaint at any time, including in 2019. Bible concedes that it would be impossible for Fralix to have retaliated against her for filing the complaint if he did not know about the complaint in the first place. Bible Dep. at 174:18-175:2. And courts agree with her. In reviewing the causation element of the prima facie case, the "focus is on the final decision maker" and Bible must, at a minimum, show that the decision maker knew about her protected activity. *Ackel v. National Communications Inc.*, 339 F.3d 376, 385 (5th Cir. 2003); *Manning v. Chevron Chem. Co*., LLC, 332 F.3dd 874, 883 (5th Cir. 2003). Logically, if the alleged retaliator "is unaware of an employee's protected conduct at the time of the adverse employment action, [he] plainly could not have retaliated against the employee based on that conduct." *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 168 (5th Cir. 1999). Because Bible

admits that she has no evidence that Fralix (or any other decision maker in 2019, for that matter) knew about her 2017 complaint, she cannot meet the causal link element of her prima facie case of retaliation for any of the actions she attributes to Fralix.

Moreover, Bible's 2017 complaint occurred *two years* before the events in 2019, most of which were precipitated by a reduction-in-force and reorganization that impacted numerous employees, not just Bible.  This significant time gap is legally insufficient, by itself, to prove the causal link required at the prima facie stage.  *Johnson v. City of San Antonio Fire Dept.*, 12 F.Supp.3d 925, 953 (W.D. Tex. 2014) (citing *Bell v. Bank of America*, 171 Fed. App'x. 442, 444 (5th Cir. 2006)).  Indeed, the fact that some adverse action occurs after an employee engages in protected activity is not sufficient to prove a causal link, especially when there is a significant time gap between the events.  *See Raggs v. Mississippi Power & Light Co.,* 278 F.3d 463, 471 (5th Cir. 2002); *Amsel v. Texas Water Dev. Bd.,* 464 Fed. App'x 395, 502 (5th Cir. 2012).

Furthermore, to the extent Bible claims retaliation based on the raise issue in 2019, the summary judgment evidence shows that Fralix's rating and compensation decisions for her were entirely consistent with (albeit better than) those of her prior supervisors.  In fact, Bible admits that she never received a raise from her other supervisors and Fralix gave her highest performance rating and compensation adjustments of her career at DE.  As the Supreme Court has explained, context matters when deciding whether a materially adverse event has occurred.  *Burlington Northern & Santa Fe Railway v. White,* 548 U.S. 53, 69-71 (2006).  In this case, given Bible's history of not receiving a raise from her prior supervisors and the high performance review and compensation awards she received from

Fralix in 2019, she cannot show that experienced a materially adverse action with respect to Fralix's handling of her compensation in 2019.

### 2. DE had legitimate, nondiscriminatory/nonretaliatory reasons for its actions

Even if Bible could establish a prima facie case of discrimination and/or retaliation, her claims still fail because DE had legitimate, nondiscriminatory/nonretaliatory reasons for its actions. Courts have held that an employer's assessment of an employee's performance and selection of candidates based on their interviews, experiences and expression of abilities for a role may serve as legitimate, nondiscriminatory/nonretaliatory reasons for an employer's decisions, as does a reduction-in-force. *Hypolite v. City of Houston*, 493 Fed. App'x. 597 (5th Cir. 2012); *Nichols v. Loral Vought Systems Corp.,* 81 F.3d 38, 41 (5th Cir. 1996).

With respect to its selection decisions in 2017 and 2019, DE selected Fralix, Moore, Smith and Franklin based on their respective qualifications and interviews following the announcement of a reduction-in-force and reorganization. For the 2017 VP role, Reeves decided not to interview Bible and Cone (who is White) because they were both Level 6 employees and she determined the more senior candidates would have an easier time transitioning into the senior Level 4 VP role. With respect to Bible's claim that Fralix retaliated against her by not giving her a raise in 2019, the summary judgment evidence shows that Fralix acted consistently with Plaintiff's previous supervisors, who also did not increase Plaintiff's base salary but gave her lump sum and incentive award payments based on her performance reviews. In fact, Fralix gave Bible the highest performance rating and compensation awards of her career at the Company. Thus, DE had legitimate,

nondiscriminatory/nonretaliatory reasons for all of its actions regarding Bible's employment.

### 3. DE's reasons were not pretext for discrimination or retaliation

Because DE has articulated legitimate, nondiscriminatory/nonretaliatory reasons for its actions, Bible can only avoid summary judgment if she shows pretext. *Auguster v. Vermilion Parish Sch. Bd.,* 249 F.3d 400, 402-03 (5th Cir. 2001); *Okoye*, 245 F.3d at 514. Bible can show pretext through substantial evidence of disparate treatment or that DE's reasons are false or "unworthy of credence" (i.e., not the real reason for the employment action). *Auguster,* 249 F.3d at 402-03; *Okoye*, 245 F.3d at 514; *see Jones v. Gulf Coast Restaurant Grp., Inc.,* 8 F.4th 363, 368-69 (5th Cir. 2021). The fact that Bible disagrees with DE's decisions, or believes those decisions were unfair is immaterial. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 637 (5th Cir. 2011); *Okoye*, 245 F.3d at 514. Moreover, Bible cannot rely on unsubstantiated opinions and beliefs or merely dispute the underlying facts of DE's decision, but instead must produce "substantial evidence" of a discriminatory or retaliatory motive. *Auguster,* 249 F.3d at 402-03. Courts have consistently recognized that "employment discrimination laws are 'not intended to be a vehicle for judicial second-guessing of business decisions, nor to . . . transform the courts into personnel managers." *Bryant v. Compass Group USA, Inc*., 413 F.3d 471, 478 (5th Cir. 2015) (citations omitted). Thus, the pretext inquiry is not whether DE made "a wise or even correct decision," but whether DE's stated reasons are not the real reasons for its actions and it was motivated by discrimination or retaliation. *Lindsey v. Bio-Med. Applications of La., L.L.C.*, 9 F.4d 317, 325 (5th Cir. 2021).

To show pretext on her retaliation and ADEA discrimination claims, Bible's burden is stringent and she must show that discrimination or retaliation was a "but for" cause of DE's actions, not just a motivating reason. *Coleman v. Jason Pharm.,* 540 Fed. App'x 302, 305 (5th Cir. 2013); *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998). To show pretext with respect to DE's selection decisions, Bible can also meet her pretext burden by showing that she was "clearly better qualified" than the persons selected for the positions at issue, but this is also a very high bar. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 412 (5th Cir. 2007). To meet this burden, Bible must offer evidence from which a jury could conclude that "no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over [Bible] for the job in question." *Deines v. Texas Dep't of Protective & Regulatory Servs*., 164 F.3d 277, 280-82 (5th Cir. 1999). "[U]nless the qualifications are so widely disparate that no reasonable employer would have made the same decision," any "differences in qualification are generally not probative evidence of discrimination." *Id.; Celestine v. Petroleos de Venezuela SA,* 266 F.3d 343, 357 (5th Cir. 2001). Evidence that the plaintiff and other candidates are all qualified for a position generally precludes a finding of pretext. *See Moore v. Capital One, N.A.*, No. 3:14-CV-3282-D, 2017 WL 2558793, at *8–9 (N.D. Tex. June 13, 2017).

Bible cannot meet her burden at the pretext stage. First, there is no summary judgment evidence that any of DE's reasons for its decisions regarding Bible's employment are false. To the contrary, the summary judgment evidence shows that DE had specific reasons for the selection and compensation decisions it made and Bible does not have any

21

evidence that casts doubt on, let alone disproves, those reasons.  Bible admits that it was fair and appropriate for DE to evaluate her and the other candidates based on their qualifications and interviews, which is exactly what it did.  Bible also admits that she does not have any evidence regarding the actual qualifications of the individuals who were selected for the roles at issue, so she cannot reasonably argue or establish that she was "clearly better qualified" than they were under the circumstances.  Even assuming Bible had greater experience than the individuals who were selected, which she asserts but cannot prove, "[g]reater experience alone will not suffice to raise a fact question as to whether one person is clearly more qualified than another."  *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 42 (5th Cir. 1996).  Rather, "to establish a fact question as to relative qualifications, [Bible] must provide sufficiently specific reasons for [her] opinion; mere subjective speculation will not suffice."  *Id*.  She is unable to do so.  Moreover, the summary judgment evidence shows that the decision makers and individuals selected for the positions at issue were in the same protected classes and the same or nearly the same age as Bible, which completely undermines any notion that DE had unlawful motives.  *See McMichael,* 934 F.3d at 460.

With respect to her retaliation claims, Bible also admits that she does not have any evidence that Fralix, whom she claims is the only person who retaliated against her, even knew about her complaint against Reeves in 2017, which occurred two years before the 2019 actions at issue here.  In the absence of any evidence that Fralix knew of Bible's 2017 complaint, Bible clearly cannot establish that the reasons for Fralix's decisions are pretext for discrimination or retaliation.

Importantly, to survive summary judgment on her ADEA and retaliation claims at the pretext stage, Bible must meet a higher burden and show that her age and/or protected activity were "but for" reasons for DE's actions. *Coleman,* 540 Fed. App'x at 305; *Sherrod*, 132 F.3d at 1122; *Moss*, 610 F.3d at 928. Bible's own testimony prevents her from meeting this burden because she admits that she does not have any evidence to explain why she believes DE discriminated and/or retaliated against her. Moreover, Bible believes the Company's decisions were based on a multitude of things, separate and apart from her specific protected status or activity underlying each of her claims. For example, with respect to the 2017 VP position, Bible believes it was Fralix's friendship with Reeves that got him the job, in addition to her race and/or age. With respect to the Director and Consultancy roles, Bible believes that it was her 2017 complaint against Reeves and/or her race, rather than her age that caused the selection decisions. Given the variable reasons she offers in support of her numerous claims, Bible cannot possibly prove "but for" causation to support her ADEA and retaliation claims. Indeed, if multiple other reasons motivated DE's decisions, her age and protected activity cannot be "but for" reasons for DE's actions.

Thus, while it is clear that Bible disagrees with DE's decisions regarding her employment, her disagreement and subjective beliefs are not sufficient proof of pretext or that DE discriminated or retaliated against her. *Vaughn*, 665 F.3d at 637; *Okoye,* 245 F.3d at 514. Because Bible does not have specific and substantial evidence to meet the burden she bears on her claims, they all fail as a matter of law and DE is entitled to summary judgment.

## VIII.  CONCLUSION

For the foregoing reasons, DE respectfully request that the Court grant its Motion for Summary Judgment, dismiss Bible's claims in their entirety with prejudice, and grant DE such other and further relief, both at law and in equity, to which it is justly entitled.

Respectfully submitted,

*/s/ Marlene C. Williams*
Marlene C. Williams
State Bar No: 24001872
Federal Bar No. 22824
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
(713) 655-5750
(713) 655-0020 (Fax)
marlene.williams@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT
DIRECT ENERGY, GP, LLC**

## CERTIFICATE OF WORD COUNT

As required by Rule 18(c) of this Court's procedures, I hereby certify that the document contains 6,867 words, excluding the parts of the document that are exempted by Rule 18(c).

*/s/ Marlene C. Williams*
Marlene C. Williams

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2022, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas

– Houston Division, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to the following CM/ECF participants:

Alfonso Kennard Jr.
Kennard Law
Eddie Hodges Jr.
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
alfonso.kennard@kennardlaw.com
eddie.hodges@kennardlaw.com

*/s/ Marlene C. Williams*
Marlene C. Williams