UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHEALONDRA BIBLE, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:21-cv-00804 |
| | § | |
| | § | |
| vs. | § | Judge Charles Eskridge |
| | § | |
| | § | |
| DIRECT ENERGY and | § | |
| NRG LLC, | § | |
| Defendants. | § | |

**OPINION AND ORDER
GRANTING SUMMARY JUDGMENT**

The motion for summary judgment by Defendants Direct Energy and NRG LLC is granted. Dkt 22.

1. Background

Plaintiff Shealondra Bible is Black and was 44 years old when she began working for Direct Energy in October 2015 as a human-resources employee. Dkt 22-1 at 14–15, 32 (Bible deposition). She alleges race and age discrimination in the hiring for several positions.

The following individuals were applicants to the same jobs to which Bible applied in 2017 (when she was 46) and 2019 (when she was 48):

- o Jeffrey Fralix, White, age 46 in 2017;
- o Kristen Johnson, Black, age in 2017 not stated;
- o Heather Cone, White, age in 2017 not stated;
- o Martine Savage, race and age in 2017 not stated;
- o Chenee Franklin, Black, age 48 in 2019;
- o Angie Moore, White, age 49 in 2019; and
- o Brittany Smith, Black, age 34 in 2019.

Dkts 22 at 9, 22-1 at 29, 78, & 22-2 at ¶ 6.

Bible's supervisor left the company in 2017, and Bible applied for the vacant position. Dkt 22-1 at 14, 47, 100 (Bible deposition). Other applicants included Fralix, Johnson, Cone, and Savage. Bible and Cone were at the same job grade; Johnson and Savage were one level more advanced; and Fralix was two levels more advanced. Dkt 22 at 9. Neither Bible nor Cone was offered an interview. Dkt 22-2 at 8. The position ultimately went to Fralix. Dkts 1 at ¶ 17 & 22-2 at ¶¶ 5–8.

The hiring manager who conducted the interviews, Melinda Reeves, is White. Dkts 22-1 at 37 (Bible deposition) & 22-2 at ¶¶ 5–6. Reeves explained to Bible that she hadn't been offered an interview because Reeves needed somebody "she could trust" in the position; didn't know Bible well; and believed Bible had intentionally missed prior meetings. Dkt 22-1 at 37 (Bible deposition).

Bible complained to the employee-relations director at Direct Energy "two to four weeks" after these events. See Dkt 22-1 at 9, 51 (Bible deposition). Direct Energy determined that it couldn't substantiate Bible's complaint after investigation. Dkt 22-2 at 9.

The parent company of Direct Energy reorganized in July 2019. This eliminated Bible's position as part of a reduction in its force. Dkt 22-1 at 73 (Bible deposition). Employees with eliminated positions were given the opportunity to apply to a new "HR Director" role and two new "HR Consultancy" roles. Id at 74. Bible applied to both positions, understanding that qualifications and interview performance were both components of the selection process. Id at 84.

HR Director applicants included Bible, Moore, and Smith. Id at 78, 29; see also Dkt 22-2 at ¶ 6. Bible interviewed with Fralix and Amanda Harrison. Dkt 22-1 at 160 (Bible deposition). Moore was ultimately selected for the role. Direct Energy acknowledges that Bible had good experience, but that she wasn't selected because some of her interview answers were vague and lacked the detail

2

and engagement expected for a higher role. Dkt 22-2 at ¶ 10.

HR Consultancy applicants included Bible, Smith, and Franklin. Dkts 22-1 at 94 (Bible deposition) & 22-2 at ¶ 6. Moore interviewed each candidate with the same set of questions and selected Smith and Franklin. Dkt 22-2 at ¶ 11. Moore observed that Bible wasn't selected into one of the positions because she seemed disengaged and didn't make eye contact. Dkts 22-1 at 81 (Bible deposition) & 22-2 at ¶ 11.

Bible didn't complain to anyone at Direct Energy about the 2019 selection decisions for these roles. Dkt 22-1 at 80 (Bible deposition). Her employment at Direct Energy then concluded in September 2019 because she wasn't hired into any other role. Id at 86. She refused to accept the severance package offered as part of the force reduction. Dkt 22 at 15.

Bible filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission on January 29, 2020. Dkt 1 at 3. The EEOC provided Bible with a right-to-sue notice on December 11, 2020. See Dkt 1-2. Bible filed this action on March 11, 2021. Dkt 1. She asserts claims for race discrimination under Title VII and the Texas Commission on Human Rights Act; age discrimination under the Age Discrimination in Employment Act and TCHRA; retaliation under Title VII and TCHRA; and race discrimination and retaliation under 42 USC § 1981. Dkt 1 at ¶¶ 30–51. Her race and age-discrimination claims are stated with respect to her non-selection for the both the 2017 position and the 2019 positions. Id at ¶¶ 16–18, 23–25. Her retaliation claim is stated only with respect to her non-selection for the 2019 positions, along with a lack-of-raise allegation that year. Id at ¶¶ 25, 43, 45, & 51.

Discovery has concluded. See Dkts 7 at 2 & 15 at 4. Pending is a motion for summary judgment by Direct Energy. Dkt 22.

2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics Inc v Oregon Cardio-Devices Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

The summary judgment stage doesn't involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2020). Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015); see also *Celotex Corp v Catrett*, 477 US 317, 322–23 (1986). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536. To meet this burden of proof, the evidence must be both "competent and admissible at trial." *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012).

3. Analysis

Bible hasn't alleged any direct evidence to support her claims of discrimination and retaliation. Because she relies on circumstantial evidence, her claims are subject to the familiar burden-shifting approach set down in *McDonnell Douglas Corp v Green*, 411 US 792 (1973). The plaintiff "must carry the initial burden . . . of establishing a prima facie case." *McDonnell Douglas*, 411 US at 802. If this burden is met, it then shifts "to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Ibid. If the employer does so, the plaintiff must then be "afforded a fair opportunity to show that" the stated reason for rejection "was in fact pretext." Id at 804; see also *Reeves v Sanderson Plumbing Products, Inc*, 530 US 133, 143 (2000).

This framework applies to discrimination and retaliation claims under Title VII, TCHRA, and § 1981. See *EEOC v LHC Group, Inc*, 773 F3d 688, 694 (5th Cir 2014) (applying to discrimination claims); *Lyons v Katy Independent School District*, 964 F3d 298, 304 (5th Cir 2020) (applying to retaliation claims); *Shackelford v Deloitte & Touche, LLP*, 190 F3d 398, 404 n 2 (5th Cir 1999) (stating that law governing Title VII and TCHRA is identical); *LaPierre v Benson Nissan, Inc*, 86 F3d 444, 448 n 2 (5th Cir 1996) (stating that § 1981 claims are "governed by the same evidentiary framework" as Title VII claims).

a. Discrimination

To establish a *prima facie* case in discrimination actions, the plaintiff must show that he or she (i) is a member of a protected class, (ii) was qualified for the position, (iii) was subject to an adverse employment action, and (iv) the employer selected someone outside the protected class, or (in the case of disparate treatment) that other similarly situated employees were treated more favorably. See *Okoye v University of Texas Houston Health Science Center*, 245 F3d 507, 512–13 (5th Cir 2001); *Bryan v McKinsey & Co, Inc*, 375 F3d 358, 360 (5th Cir 2004).

To show that the proffered reasons are pretextual, the plaintiff must create a genuine issue of material fact by offering sufficient evidence (i) either that the defendant's reason is just a pretext for discrimination, meaning that the reason itself isn't even true, (ii) or that, even if true, the plaintiff's "protected characteristic" is still "another motivating factor." *Rachid v Jack in the Box, Inc*, 376 F3d 305, 312 (5th Cir 2004), abrogated on other grounds by *Gross v FBL Financial Services, Inc*, 557 US 167 (2009) (cleaned up).

> i. 2017 hiring decision

Bible alleges race and age discrimination due to the fact that Fralix—a White employee who was her same age—was hired for the subject position in 2017. Dkt 1 at 5. As to this claim, Direct Energy contends that Bible's claims are time barred under Title VII and the ADEA because they were filed after the 180- and 300-day deadlines. Id at 17.

A plaintiff asserting a discrimination claim must file a charge of discrimination within 180 days of the alleged act—or within 300 days in "deferral" states like Texas. See *Carter v Target Corp*, 541 Fed. App'x 413, 419 (5th Cir 2013). Bible doesn't dispute that she filed her charge regarding the 2017 incident in January 2020, well beyond the prescribed deadlines. Dkt 22-3.

Bible argues that the continuing violation doctrine allows her claim to proceed. Dkt 24 at 13. This "is a federal common law doctrine governing accrual" presently limited to claims of hostile work environment. *Heath v Board of Supervisors for Southern University and Agricultural and Mechanical College*, 850 F3d 731, 740 (5th Cir 2017). Where applicable, it allows a single unlawful employment practice to accrue within the limitations period when some of the continuous conduct occurred during that time. Bible asserts that the Fifth Circuit has found that this doctrine "may apply to all Title VII claims." Dkt 24 at 13, citing *Messer v Meno*, 130 F3d 130 (5th Cir 1997). Not so. The Fifth Circuit instead holds that "claims alleging discrete acts are not subject to the continuing violation doctrine."

*Heath*, 850 F3d at 737; see also *Gray v Garland*, 2022 WL 1138529, *4 (SD Tex 2022) (where applicable, doctrine applies only to claims of hostile work environment and not for retaliation or discrimination).

Bible brings only discrimination and retaliation claims. The continuing violation doctrine thus isn't applicable. Summary judgment will thus be entered against her claims of race and age discrimination as to the 2017 hiring decision as time barred. Alternative arguments by Direct Energy needn't be addressed.

ii. 2019 hiring decisions

Bible also alleges race and age discrimination as to the 2019 hiring decisions for the Director and HR Consultancy roles. See Dkt 1 ¶¶ 30–48. Direct Energy contends that she can't establish a *prima facie* case for discrimination in either respect, and that even if she can, she has no evidence to rebut the nondiscriminatory reasons provided by Direct Energy and can't establish pretext. Dkt 22 at 17–18.

A. Race discrimination

*As to the HR Director decision,* Bible points to the fact that Moore, a White employee, was hired instead of her. Dkt 1 at ¶¶ 30-35 & 46-48 (asserting membership in protected class, qualification for position, rejection, and hiring of White employee). Direct Energy doesn't dispute that this means that Bible has established a *prima facie* case for this claim. Dkt 22 at 21.

Direct Energy articulates non-discriminatory reasons for the selection of Moore, being her interview performance and qualifications, which included a history of strong partnerships and relationships with client groups. Dkt 22 at 21. As to not selecting Bible, Direct Energy agrees that she had good experience, but some of her interview answers were vague and lacking the engagement expected for a higher-level role. Dkt 22-2 at ¶¶ 11.

Bible doesn't attempt to rebut each of these non-discriminatory reasons, and so she hasn't established that the reasons provided were mere pretext. Summary judgment is thus appropriate as to this claim of racial

discrimination. *Jackson v Watkins*, 619 F3d 463, 467 (5th Cir 2010).

*As to the HR Consultancy decision,* Bible alleges race discrimination with respect to the hiring of Smith and Franklin. Dkt 1 at ¶¶ 30-51. But Smith and Franklin are both in Bible's protected class. She thus fails to establish a *prima facie* case of racial discrimination for this position. Dkt 24-1 at 191 (Bible deposition). Summary judgment is also appropriate for this claim.

### B. Age discrimination

This is a reduction-in-force case as to the 2019 hiring decisions. Such context modifies the means by which to establish a *prima facie* case for an age-discrimination claim. A plaintiff must show that (i) she is within the protected age group and has been adversely affected by the employer's decisions, (ii) she was qualified to assume another position at the time of the discharge or demotion, (iii) she can produce direct or circumstantial evidence "from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue," and (iv) she must "produce some evidence that an employer has not treated age neutrally," such that either the defendant "consciously refused to consider retaining or relocating a plaintiff because of his age" or "regarded age as a negative factor in such consideration." *Amburgey v Corhart Refractories Corporation Inc*, 936 F2d 805, 812 (5th Cir 1991) (cleaned up).

*As to the HR Director decision,* Bible alleges age discrimination in the hiring of Moore. Dkt 1 at ¶¶ 36–41. But Moore was one year older than Bible. Dkt 22-2 at ¶ 6. And a claim of age discrimination requires the hiring of someone outside plaintiff's protected class. *Goudeau v National Oilwell Varco, LP*, 793 F3d 470, 474 (5th Cir 2015). Bible thus fails to establish her *prima facie* case. Summary judgment is appropriate.

*As to the HR Consultancy decision,* Bible alleges age discrimination in the hiring of Franklin and Smith. Dkt 1 at ¶¶ 36-41.

Franklin was the same age as Bible. Dkt 22-2 at ¶ 6. That wouldn't be sufficient to establish a *prima facie* case were that all. But Smith was younger than Bible. Ibid. This presents evidence that younger employees were retained. *Amburgey*, 936 F2d at 812. And so, even with one hire being the same age as Bible, she sufficiently pleads a *prima facie* case by showing that a younger employee was retained. For example, see *Thornbrough v Columbus and Greenville Railroad Co*, 760 F2d 633, 644 (5th Cir 1985), abrogated on other grounds by *St Mary's Honor Center v Hicks*, 509 US 502 (1993).

Still, Direct Energy articulates legitimate, non-discriminatory reasons for hiring Smith (and Franklin), including their years of experience, overall qualifications, and interview performance. Dkts 22 at 25 & 22-2 at ¶¶ 5, 10–11. Bible argues in response that she was told (without explaining by whom) that Direct Energy would prioritize hiring of employees who were affected by the layoffs, and Moore was hired for the HR Director position even though her position wasn't affected by the layoffs. Dkt 24 at 21. Even assuming that someone said that at some point, it doesn't address the pertinent question that it raises—was Smith's position (like Bible's) being affected by the reduction in force? She offers no evidence in this regard, and thus fails to create a genuine issue of material as to pretext.

As a result, summary judgment is appropriate for Bible's 2019 claim of age discrimination.

### b. Retaliation

To make out a *prima facie* case for retaliation, a plaintiff must establish that (i) he or she engaged in protected activity, (ii) he or she experienced an adverse employment action, and (iii) a causal link exists between the protected activity and the adverse action. *Saketkoo v Administrators of Tulane Educational Fund*, 31 F4th 990, 1000 (5th Cir 2022). To establish pretext when the employer proffers non-discriminatory reasons for the adverse employment action, the plaintiff must show "a conflict in substantial evidence on the question of whether

9

the employer would not have taken the adverse employment action but for the protected activity." *Brown v Wal-Mart Stores East, LP*, 969 F3d 571, 577 (5th Cir 2020) (cleaned up); see also *Septimus v University of Houston*, 399 F3d 601, 608 (5th Cir 2005).

### i. Lack of raise

Bible claims that Fralix didn't give her a raise in 2019 in retaliation for her filing a complaint regarding her non-selection to the VP position in 2017. Dkt 1 at 3. Direct Energy asserts that Bible failed to exhaust her administrative remedies before the EEOC in this regard, which bars her claim. Dkt 22 at 18; see also Dkt 22-3 at 2–5. And indeed, courts "will not consider claims that were not asserted before the EEOC or that do not fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination a plaintiff makes before the EEOC." *Chhim v University of Texas at Austin*, 836 F3d 467, 472 (5th Cir 2016).

Bible doesn't contest that her EEOC charge didn't mention this supposed failure of a raise in 2019 or that she was retaliated against in this manner. Dkts 22-3 & 24. The claim is thus barred.

### ii. 2019 hiring decision

Bible also alleges that the 2019 adverse-hiring decisions were in retaliation for her 2017 complaint. Dkt 1 at ¶¶ 18, 42–45 & 49–51. Direct Energy moves for summary judgment, again asserting that Bible can't establish her *prima facie* case, and even if she could, she can neither rebut the non-retaliatory reasons provided for its decisions, nor establish pretext. Dkt 22 at 17–18.

The allegation regarding Bible's complaint in 2017 plausibly constitutes protected activity, and she did experience an adverse employment action when she wasn't hired into either position. But Direct Energy disputes any causal link because Bible can't show that the decision-maker knew about her protected activity. See Dkt 22 at 23. Bible concedes that she has no evidence that either Fralix or any other decision-maker in 2019 knew about her 2017

complaint. Dkt 22-1 at 175–76 (Bible deposition). The Fifth Circuit holds that retaliation isn't shown where the alleged retaliator doesn't know about the protected activity when the adverse employment action occurs. *Ackel v National Communications Inc*, 339 F3d 376, 385-86 (5th Cir 2003). This alone warrants summary judgment.

Direct Energy also contends that the two-year time gap prevents Bible from proving causation. Dkt 22 at 18. This also warrants summary judgment. For example, while the Fifth Circuit has found a six-and-a-half week timeframe to be sufficiently close, a five-month gap isn't. *Lyons*, 964 F3d at 305. With no other evidence of retaliation, the two-year gap alleged here simply isn't sufficient to establish a causal connection with respect to retaliation.

Because Bible fails to establish a causal link, Direct Energy's articulation of legitimate, non-retaliatory reasons for hiring Moore, Smith, and Franklin—again being their years of experience, overall qualifications, and interview performance—needn't be considered. Dkt 22-2 at ¶¶ 10-11. Summary judgment will be entered with regard to the 2019 retaliation claim.

   4. Conclusion

The motion for summary judgment by Defendant Direct Energy GRANTED. Dkt 22.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on __March 17, 2023__, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge

11